141 F.3d 1179
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
William D. SPAKES, Plaintiff-Appellant,
v.
Kenneth S. APFEL,* Commissioner, Social
Security Administration, Defendant-Appellee.
 No. 97-35291.
DC No. CV 96-1066 RE.
 United States Court of Appeals, Ninth Circuit.
 Submitted Mar. 4, 1998***.
Decided Mar. 12, 1998.
 
 Appeal from the United States District Court for the District of Oregon James A. Redden, District Judge, Presiding.
 Before FERNANDEZ, RYMER and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 William Spakes appeals the district court's affirmance of a decision by the Commissioner of the Social Security Administration denying his applications for disability insurance and supplemental income benefits. We affirm.
 
 
 3
 We review de novo a district court's order upholding the Commissioner's denial of benefits. Jamerson v. Chater, 112 F.3d 1064, 1066 (9th Cir.1997). The scope of judicial review, however, is limited. The Commissioner's decision must be affirmed if it is supported by substantial evidence and the Commissioner applied the correct legal standards. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir.1996). ds
 
 
 4
 Spakes contends that substantial evidence does not support the administrative law judge's (ALJ) finding that he is not disabled. The ALJ found that Spakes could not perform his past relevant work, but that he could perform other work available in the national economy. If there are jobs in the national economy that Spakes can perform, then he is not disabled for purposes of the Social Security Act. See Bowen v. Yuckert, 482 U.S. 137, 140, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987); 20 C.F.R. §§ 404.1520(f), 416.920(f). The testimony of the vocational expert is sufficient to support the ALJ's finding that Spakes can perform jobs available in the national economy.
 
 
 5
 Spakes also argues that the ALJ erred when he relied on the Medical-Vocational grids because Spakes has nonexertional impairments. See Cooper v. Sullivan, 880 F.2d 1152 (9th Cir.1989). The ALJ used the grid as a starting point and then relied on the testimony of the vocational expert to establish that Spakes could work with his nonexertional impairments. In cases where exertional and nonexertional impairments are at issue, the ALJ must use the grids as a "framework" to set a ceiling on work capacity, and then examine the additional adverse consequences resulting from the nonexertional impairments. Id. at 1155. The use of the grids as a "starting point" was not improper.
 
 
 6
 Spakes argues that the hypothetical to the vocational expert was deficient because it excluded the following limitations:
 
 
 7
 [F]eelings of hopelessness, [in]ability to endure the stress of full-time employment ... Headaches are also a problem ... there is also no evidence to support Mr. Spakes' stamina being as high as 75% of normal.
 
 
 8
 Spakes did not mention his "feelings of hopelessness" and "inability to endure stress" when he presented his case to the district court. And, in his brief filed in the district court, not only did Spakes not challenge the 75% stamina finding of the ALJ, he incorporated that finding in the facts section of his brief. Arguments not raised before the district court will not be considered on appeal. Copeland v. Bowen, 861 F.2d 536, 541 (9th Cir.1988). Spakes presented evidence that reading for fifteen minutes or more caused headaches and the ALJ did include a fifteen-minute reading limitation in the hypothetical. The ALJ also included in the hypothetical the manifested symptoms of Spakes' depression, including fatigue, inability to concentrate, and deficiencies in memory, pace and persistence. We find that the ALJ's hypothetical encompassed all of Spakes' nonexertional limitations.
 
 
 9
 Finally, Spakes argues that the ALJ erred in failing to give any reasons for discounting Spakes' credibility. Spakes argued at his second hearing that he could use his eyes only for fifteen minute intervals before he had to rest them. There was testimony from Spakes and his parents, however, that indicated that Spakes watched TV for hours on end. Thus, the testimony that Spakes did not "watch" TV and that any extended use of Spakes' eyes caused headaches was contradicted by other evidence and threw doubt on Spakes' veracity.
 
 
 10
 Substantial evidence supports the ALJ's finding that Spakes is not disabled.
 
 
 11
 AFFIRMED.
 
 
 
 *
 Kenneth S. Apfel, Commissioner, Social Security Administration, is substituted for John J. Callahan, Acting Commissioner, Social Security Administration, pursuant to Fed. R.App. P. 43(c)(1)
 
 
 **
 * The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a); Ninth Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit, except as provided by Ninth Cir. R. 36-3